No. 2445

Second Circuit

WHITE v. STRATTON, ET AL.

(March 4, 1928.  Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Sales—Par. 62, 91.**
Where the evidence shows that the seller tendered a valid title to the property sold, he has a right to recover from the buyer the earnest money put in escrow by him upon the buyer's refusal to accept title.

2. **Louisiana Digest—Partnership—Par. 83.**
Under Articles 2872 and 2873 of the Civil Code law partners are ordinary partners, each partner being bound for his share of the debts.

Appeal from the First Judicial District Court, Parish of Caddo.  Hon. E. P. Mills, Judge.

Action by James L. White against W. H. Stratton, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Dimick and Hamilton, of Shreveport, attorneys for plaintiff, appellee.

Frank A. Blanchard, of Shreveport, attorney for defendants, appellants.

ODOM, J. This is a suit for $500.00 against W. H. Stratton and the law firm of Scheen & Blanchard, composed of W. H. Scheen and Frank A. Blanchard, and the individual members thereof, in solido.

There was judgment against Stratton and the firm of Scheen & Blanchard for $500.00 and against Frank A. Blanchard for $250.00

"* * * it being stipulated that in the event the said sum of five hundred dollars is satisfied by W. H. Stratton or the law firm of Scheen & Blanchard, the sum of two hundred and fifty dollars shall not be due by Frank A. Blanchard."

W. H. Stratton and Frank A. Blanchard appealed.

Plaintiff moved in this court that said judgment be amended so as to bind Blanchard and Stratton in solido for the full amount sued for.

## OPINION.

On June 5, 1924, a contract was entered into by and between the plaintiff, James L. White, and the defendant, W. H. Stratton, by which White agreed to sell and Stratton agreed to buy certain real property in the City of Shreveport owned by White provided White could deliver valid title to be approved by the law firm of Scheen & Blanchard who represented Stratton.

It was especially agreed and stipulated in a written contract found in the record that in case Stratton failed or refused to accept the property and to pay the agreed price upon White's tendering a valid title as per the agreement, Stratton should forfeit and pay to White $500.00 liquidated damages, and, as earnest money, he should deposit that amount with Scheen & Blanchard to be held by them and to be paid over by them to White in case Stratton should default.

Stratton deposited in the hands of Scheen & Blanchard a check on the Commercial National Bank for that amount.

The testimony makes it perfectly clear that Stratton defaulted on his contract by refusing or failing to purchase the property.

White complied with his part of the contract by completing the buildings and clearing the property of all encumbrances. He tendered to Scheen & Blanchard an abstract showing perfect title and a certificate of mortgages showing cancellation of all liens and encumbrances, all approved by Mr. Scheen, one of the attorneys.

Stratton was therefore left without excuse for his failure to purchase the property and has no valid defence to this suit.

Following Stratton's default, White sought him to collect the forfeit but could not find him. He then called on Scheen & Blanchard to deliver the cashier's check deposited with them by Stratton. They failed to produce and deliver it.

The testimony shows that in the meantime Frank A. Blanchard, one of the members of the firm, had extracted it from the firm's safe and had disposed of it. He says he gave it to Stratton and does not know what became of it.

The check was finally cashed by F. L. Dyer who, it seems, had some connection with the deal between White and Stratton.

This suit is against Stratton, and against the firm of Scheen & Blanchard, and the individual members of that firm, W. H. Scheen and Frank A. Blanchard.

Stratton made answer through his attorney, Frank A. Blanchard. The firm of Scheen & Blanchard was cited. Citation was addressed to Scheen & Blanchard and was served by delivery to Blanchard. This was sufficient. See Act No. 179 of 1918, section 1, paragraph 4.

But the firm of Scheen & Blanchard did not answer, and the suit was not defaulted as to it. As no issue was joined as between the plaintiff and the firm as such, no judgment could be rendered against the firm. Scheen made no appearance, but the other member of the firm, Frank A. Blanchard, did make answer to the suit as against him. As already stated, the suit was brought against Stratton, against the firm of Scheen & Blanchard, and against the individual members of that firm. Issue was properly joined, therefore, as between plaintiff and Stratton and Blanchard, individually.

The only defence made by Stratton and Blanchard is that White did not tender the property under valid title. The defence falls, because the facts are to the contrary.

Blanchard does not deny that his firm having accepted the check as stakeholder for the interested parties, is liable therefor or its proceeds if converted by the firm or if not delivered in accordance with the receipt and escrow agreement which it signed. But he defended on the ground that the plaintiff failed to tender the property under valid, unencumbered title, which defence failed.

Counsel for plaintiff asks that the judgment be amended so as to make Blanchard liable for the full amount sued for. That cannot be done, for the reason that the obligation of Scheen & Blanchard to account for the check was a firm obligation and the debt which arose on account of its failure to respond is a firm debt.

Ordinary partners are not bound in solido for the debts of the partnership (C. C. 2872) but each partner is bound for his share (C. C. 2873).

For the reasons assigned, the judgment appealed from is affirmed, except in so far as it condemns the firm of Scheen & Blanchard for the amount of the debt; appellants to pay all costs.